IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRELL FULTON | |
| Plaintiff, | Case No. 17-CV-08696 |
| v. | Honorable Robert W. Gettleman |
| WILLIAM FOLEY, ET. AL. | |
| Defendants. | |

-------------------------------------------------------------------------------

| | |
|---|---|
| NEVEST COLEMAN, | |
| Plaintiff, | Case No. 18-CV-00998 |
| v. | Honorable Robert W. Gettleman |
| CITY OF CHICAGO, ET. AL. | |
| Defendants. | |

**THE CITY DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' JOINT MOTION TO APPOINT A SPECIAL
<u>REPRESENTATIVE FOR THE ESTATE OF WILLIAM FOLEY</u>**

Defendants MICHAEL CLANCY, JOHN HALLORAN, KENNETH BOUDREAU, JAMES O'BRIEN, GERALD CARROLL, EDWARD CARROLL, WILLIAM MOSER, ALBERT GRAF, STANLEY TURNER, THOMAS KELLY, SERGEANT THOMAS BENOIT and the CITY OF CHICAGO, through their respective undersigned attorneys, submit the following Response in Opposition to Plaintiffs' Joint Motion to Appoint a Special Representative for the Estate of William Foley.

1. Plaintiffs want the Court to do something it has no authority to do: appoint a special representative for the Estate of William Foley, a former Chicago Police detective who died in 2004, approximately 14 years ago. Plaintiffs believe the Court has authority to appoint a special representative for Foley's estate under 42 U.S.C. §1988, which, they argue, allows the Court to borrow provisions of state law where necessary to provide a complete remedy in a suit under Section 1983.[1] From there, Plaintiffs point to 735 ILCS 5/13-209 and 735 ILCS 5/2-1008(b)(2) as the state law provisions the Court may "borrow." Plaintiffs arguments fall flat, however, because Plaintiffs have not articulated any "necessity" that would justify the Court's use of Section 1988 and none of the provisions cited give the Court the power to appoint a special representative for the estate of a person who died 14 years prior to the filing of the complaints in this case. The appointment of a special representative is a state law function, and federal courts can only exercise that function under special circumstances, which do not exist here. Thus, no matter what level of convenience Plaintiffs may find in avoiding a trip to probate court, this Court cannot grant Plaintiffs' requested relief.

I. **The Court Lacks The Authority To Appoint A Special Representative For The Estate Of A Party Who Died Years Before The Filing Of The Lawsuit.**

2. It is well-settled that federal courts do not have the power to appoint a special representative where the deceased defendant died _before_ the filing of the complaint. *Abernathy v. Village of Park Forest, et al.*, No. 16-cv-2128 (N.D. Ill. October 30, 2017) Doc. No. 185 (Dow, J.) (federal court does not have the authority to appoint special representative when deceased defendant died prior to the filing of plaintiff's complaint) (Exhibit A); *Kluppelberg v. Burge, et al.*, No. 13-cv-3963 (N.D. Ill. December 6, 2013) Doc. No. 87, *4 (Lefkow, J.) ("the court remains

---

[1] Not surprisingly, Plaintiffs do not invoke Fed. R. Civ. P. 25. Although Rule 25 allows for the appointment of special representatives, it is limited to situations in which a party has died after the filing of the complaint.

unconvinced that it has the authority to appoint a 'special representative' as requested" when certain defendants passed before filing of the complaint) (Exhibit B); *Wilson v. Sunstrand Corp.*, No. 99 D 6944, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) (Kennelly, J.) ("A federal court lacks the authority to appoint a special representative."); *Coleman v. McLaren*, 590 F. Supp. 38, 39 (N.D. Ill. 1984) (Shadur, J.) (holding that court lacked the power to appoint a personal representative to represent a deceased defendant).

3. The reasoning for these decisions finds support when read in context with the judicially created "probate exception," which states that even when federal jurisdiction exists "a federal court nonetheless lacks jurisdiction over cases involving probate matters." *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003)[2]; *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) (citing *Storm* and recognizing the probate exception). Indeed, the Seventh Circuit has observed that "[s]ince its earliest invocations in the courts of this county, the exception has become an established feature of our federal judicial system." *Storm*, 328 F.3d at 943 (internal citations omitted).

4. Although Rule 25 of the Federal Rules of Civil Procedure is not expressly mentioned in the motion, it provides no support because "Rule 25 speaks to the death of a party, meaning death after service." *Nash v. Baker*, et al. No. 14-c-1493 (N.D. Ill. April 6, 2015) Doc. No. 64, *3 (Gettleman, J.) (rejecting argument to substitute party under Rule 25 when deceased defendant died prior to complaint) (Exhibit C). "[R]ule [25] only applies when a party dies during the pendency of the lawsuit." *Kluppelberg v. Burge, et al.*, No. 13-cv-3963 (N.D. Ill. December

---

[2] But see *Marshall v. Marshall*, 547 U.S. 293, 311 (2006), which questioned the scope of the probate exception as applied in *Storm*. The Defendants cite *Storm* for the policy rationale underlying the probate exception and the *Marshall* court endorses such an approach. *See Marshall*, 47 U.S. at 312 (considering whether any "sound policy considerations' militate[d] in favor of extending the probate exception to cover the case at hand" (citation omitted)).

3

6, 2013) Doc. No. 87, *3. Because Foley died 14 years prior to Plaintiffs filing their complaints, Rule 25 is inapplicable. *See Stanley v. Kenney*, No. 87 C 10822, 1988 WL 48240, at *1 (N.D. Ill. May 9, 1988) ("[w]hen a person for whom substitution is sought has died before being named a party, substitution is not allowed" under FED. R. CIV. P. 25).

5. The cases Plaintiffs cite likewise fail to carry the day. In *Rivera v. Lake County, et al*. 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (Leinenweber, J.) (Dkt. 53, ¶ 6), the court was not presented with the issue of whether a federal court had statutory authority to appoint a special representative when a deceased defendant died prior to the filing of a lawsuit. Rather, the particular deceased defendant in *Rivera* was seeking an outright dismissal of the action under 735 ILCS 5/13-209. *Rivera*, 974 Supp. 2d at 1198-99. This is plainly not the case at bar. But, more importantly, in *McIntosh v. City of Chicago*, when the same court was faced with an identical situation as here, plaintiff's motion to appoint and substitute a special representative was denied and he was "instructed to seek the appointment of a special representative in probate court" finding the court lacked authority. No. 1:17-cv-06357 (N.D. Il. 2018), Doc. No. 56, (Leinenweber, J) (Exhibit D).[3]

6. Additionally, Plaintiffs' reliance on *Tamburo v. Dworkin*, No. 04 C 3317, 2012 WL 104545 at *4 (N.D. Ill. Jan. 11, 2012) is similarly misguided. (Dkt. 53, ¶2). The *Tamburo* court was not presented with a request to substitute a special representative for a defendant who died *prior* to the initiation of a lawsuit. *Id*. Instead, *Tamburo* simply confirms that a plaintiff can substitute a special representative for a deceased party, consistent with Rule 25, who died during the pendency of the litigation, had actually participated in the litigation, had notice, and an opportunity to be heard. *Id*. Here, Foley died 14 years *prior* to this lawsuit and therefore could not have participated or even foreseen it coming.

---

[3] Plaintiff Coleman's counsel, Loevy & Loevy, were also the attorneys representing plaintiffs in both the *Rivera* and *McIntosh* matters.

7.     Plaintiffs' citation to a minute order entered in *Starks v. Waukegan*, et al., No. 09 C 348 (N.D. Ill. Jan. 15, 2014) Doc. No. 208, (Exhibit E) is also baseless. (Dkt. 53, ¶ 6). The order cited does not address whether a federal court has authority to appoint a special representative, but rather, indicates the motion to appoint a special representative was granted, in part, because it was unopposed. Moreover, the *Starks* plaintiff was seeking to substitute a special representative for a deceased party that had been served, answered several amended complaints, and appeared to have died *after* the filing of the lawsuit. *See Starks v. Waukegan*, et al., No. 09 C 348 (N.D. Ill. September 10, 2013) Doc. No. 165, (Exhibit F). *Starks* is therefore fundamentally different from the case at bar.

**II.     Section 1988 Does Not Empower The Court To Appoint A Special Representative In This Case.**

8.     Recognizing they cannot rely on Rule 25, Plaintiffs do not even mention it. Instead, they point to a generic provision of Section 1988 to argue the Court can "borrow" state law in order to appoint a special representative when necessary to provide a complete remedy. But not only have Plaintiffs failed to articulate any necessity that would allow the Court to invoke Section 1988, the two cases they rely on only serve to confirm the Court has no authority under Section 1988 to appoint a special representative for Foley's estate in this case. (Doc. No. 50, ¶2 *citing Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) and *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995)).

9.     In *Anderson*, the court appointed a special representative for the deceased plaintiff's estate in part because the Illinois Attorney General's office had effectively obstructed justice by refusing to disclose the identities of the plaintiff's next of kin. 42 F.3d at 1124-25. There was no discussion in *Anderson* of the issue presented here: whether a federal court can appoint a special representative for the estate of a defendant who died long before the lawsuit was filed. Indeed,

5

under the unique circumstances of *Anderson* – which involved a party who died with an appeal pending and the State's refusal to disclose the information necessary the plaintiff's attorneys to get a next of kin appointed by the probate court – the case inapposite. *Id*. If anything, *Anderson* shows the federal court's power to appoint a special representative is limited to situations in which a party dies while the lawsuit is pending or on appeal and there is no other alternative to preserve the lawsuit or appeal.

10. One year later in *Ward*, the Seventh Circuit was faced with the same issue it dealt with in *Anderson*, except this time the Illinois Attorney General's Office disclosed the plaintiff's next of kin and the deceased plaintiff had been acting *pro se*. 59 F.3d at 653. The defendant moved to dismiss the appeal for want of prosecution, but the Seventh Circuit denied the motion, finding, as it did in *Anderson*, that Section 1988 allows a federal court to borrow state law provisions <u>where necessary</u> to provide a complete remedy. Id. 652-53. (emphasis added). In *Ward*, it was necessary to appoint a special representative because it was unclear whether the State had disclosed all of the deceased plaintiff's next of kin or advised them of the appeal or the consequences of failing to prosecute it. Moreover, the court relied on a provision of Illinois law that "authorized a court <u>when a party dies during a lawsuit</u> to appoint a special representative to handle the suit on behalf of the estate." *Id*. at 652-53. (emphasis added). Thus, *Ward* is fundamentally different from the present case in two ways: (1) it was necessary in *Ward*, as it was in *Anderson*, for the Seventh Circuit to appoint a special representative for the appeal to survive; and (2) the plaintiff in *Ward*, like the plaintiff in *Anderson*, had died while the appeal was pending.

11. Here, Foley died long before this lawsuit was filed and Plaintiffs have not articulated any necessity, let alone one similar to the necessities present in *Anderson* and *Ward,* that would justify the Court's use of Section 1988 to appoint a special representative. In fact,

Plaintiffs' basis for their requested relief is nothing more than a convenience to them of avoiding probate court.

13. Finally, even if Plaintiffs could demonstrate a necessity under Section 1988 that would allow the Court to appoint a special representative, and even if Foley had not died before the filing of this lawsuit (which itself is fatal to Plaintiffs' motion), the state law provisions they cite do not authorize the appointment of a special representative. According to records from the Circuit Court of Cook County, an estate was apparently opened and closed for Foley back in 2004. (*See* Court File for Estate of William R. Foley, No. 04 P 2046, Circuit Court of Cook County, Probate Division, attached as Exhibit G). Therefore, Plaintiffs cannot rely on 735 ILCS 5/13-209(b) or 735 5/2-1008(b)(2) as a basis to have a special representative opened for Foley's estate, because both of those statutes expressly limit that ability to situations in which an estate <u>was not opened</u>.[4]

13. Plaintiffs' motion must therefore be denied. They are not, however, without recourse. Illinois law provides a place and procedure for ensuring that someone can answer and the defend the claims leveled against them by Plaintiffs. *See* 5/13-209. That procedure should be followed here. Moreover, Cook County's probate court would be the better venue to decide the appropriateness of Plaintiffs' motion, as it would provide the opportunity for the Deceased Defendants heirs, legatees, and other interested parties to be heard while utilizing the expertise of that particular body and promoting judicial economy. *See Storm*, 328 F. 3d 944 (stating that promoting "judicial economy" is another reason for the probate exception).

---

[4] Based on initial inquiries with the Clerk of the Circuit Court's electronic docket, counsel for the Officer Defendants was under the impression that no estate had been opened for Foley. However, in the least week electronic docket was updated by the Clerk's Office to show an estate for Foley had actually been opened and closed in 2004. (*See* Clerk of the Circuit Court's electronic docket, p. 7, showing file was imaged on May 30, 2018, attached as Exhibit H)

Case: 1:18-cv-00998 Document #: 53 Filed: 06/06/18 Page 8 of 10 PageID #:185

8

WHEREFORE Defendants MICHAEL CLANCY, JOHN HALLORAN, KENNETH BOUDREAU, JAMES O'BRIEN, GERALD CARROLL, EDWARD CARROLL, WILLIAM MOSER, ALBERT GRAF, STANLEY TURNER, THOMAS KELLY SERGEANT THOMAS BENOIT and the CITY OF CHICAGO respectfully request that the Court enter an order denying Plaintiffs' motion, and for such further and additional relief the Court deems just and appropriate.

Respectfully submitted,

| DEFENDANT OFFICERS | CITY OF CHICAGO |
|---|---|
| By: _/s/ Patrick R. Moran_____ | By: _/s/ Jeffrey N. Given___ |
| One of their attorneys | Attorney for Defendant City of Chicago |
| Eileen E. Rosen | Shawn William Barnett |
| Patrick R. Moran | Jeffrey N. Given |
| Andrew Grill | Lisa M. Meador |
| Austin G. Rahe | Sara J. Schroeder |
| ROCK FUSCO & CONNELLY, LLC | James G. Sotos |
| 321 N. Clark Street, Suite 2200 | Sotos Law Firm, P.C. |
| Chicago, Illinois 60654 | 550 E. Devon Ave., Suite 150 |
| (312) 494-1000 | Itasca, IL 60143 |

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalties of perjury that a copy of the attached Defendants' Joint Response to Plaintiffs' Joint Motion to Appoint a Special Representative for the Estate of William Foley has been served upon all counsel of record via ELECTRONIC MAIL on June 6, 2018.

/s/ *Kara Hutson*

Kara Hutson, Paralegal