**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Derrell Fulton, AKA Darryl Fulton,<br>Plaintiff,<br><br>v.<br><br>City of Chicago, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17 CV 8696<br><br>Hon. Judge Gettleman<br><br>Magistrate Judge Valdez |

---

| | | |
|---|---|---|
| Nevest Coleman,<br>Plaintiff,<br><br>v.<br><br>City of Chicago, et al.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18 CV 998<br><br>Hon. Judge Gettleman<br><br>Magistrate Judge Valdez |

**DEFENDANT CITY OF CHICAGO'S MOTION FOR RECONSIDERATION OF COURT'S ORDER APPOINTING THE CLERK OF THE CITY OF CHICAGO AS "PERSONAL REPRESENTATIVE" OF THE ESTATE OF WILLIAM FOLEY**

Defendant City of Chicago, by its attorneys The Sotos Law Firm, P.C., hereby moves this Court, pursuant to Federal Rules of Civil Procedure 59 (e) and 60(b), to reconsider its July 18, 2018 order granting Plaintiffs' joint request for a special representative, and in support states:

## INTRODUCTION

Plaintiffs Derrell Fulton and Nevest Coleman jointly moved this Court to appoint the Clerk of the City of Chicago ("City Clerk") as "special representative" for William Foley, who passed away in 2004 and, over Defendants' objection, the Court granted Plaintiffs' request and appointed the Chicago City Clerk as the "personal representative" of Foley's Estate. This appointment, however, is not permissible under Illinois law. The City respectfully requests the Court vacate the order appointing the City Clerk and, instead, permit the parties to have an appropriate individual properly appointed under Illinois law to represent Foley's Estate.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure permit a litigant to ask courts to reconsider a judgment or judicial decision. Under Rule 59, a party has 28 days to request the court alter or amend a judgment, with a purpose to direct a court's attention to newly discovered evidence or a manifest error of law or fact. FED.R.CIV.P. 59(e); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3 601, 606 (7th Cir. 2000). Similarly, Rule 60 allows for relief from a judgment or order, but is more limited in circumstances and identifies six grounds upon which relief may be granted, including "mistake," "misrepresentation," or "any other reason that justifies relief." FED.R.CIV.P. 60. The decision whether to grant a motion to reconsider is entrusted to the sound judgment of the district court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).[1]

## ARGUMENT

The Court should reconsider its July 18, 2018 order that (a) granted Plaintiffs' request for a special representative for the deceased William Foley and (b) appointed the City Clerk as the "personal representative" of that estate. *Docket No. 66* ("Appointment Order"). The Court made a manifest error of fact and law when it failed to account for the already-opened estate for Foley and, as a consequence, misapplied Illinois law prohibiting a special representative in that

[1] Should this Court believe neither Rule 59(e) or Rule 60(b) applies, reconsideration may also be conducted pursuant to Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Some courts in this district have treated motions to reconsider under Rule 54(b), in addition to the Court's inherent authority and the common law. *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, 2004 WL 2966948, *3 (N.D. Ill. Nov. 24, 2004) (collecting cases). The standards for reconsideration under those provisions are essentially the same as under Rules 59 and 60, and include where "the court has patently misunderstood a party" or "the court has made an error not of reasoning but of apprehension." *Id.*

situation. In the alternative, the appointment of the City Clerk is inappropriate and the Court should permit the appointment of a proper individual to defend the interest of Foley's estate.

## I. The Court should reconsider its Appointment Order appointing the City Clerk as "personal representative" of Foley's Estate because this decision represents a manifest error of Illinois law under Rule 59.

To alter or amend a judgment under Rule 59(e), a party "must demonstrate a manifest error of law or fact or present newly discovered evidence." *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent" and not merely disappointment of the losing party. *Oto*, 224 F.3d at 606. Such errors are those in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). This rule "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

### A. The Court does not have authority under Illinois law to appoint a "personal representative" of an estate.

The Illinois statute governing the "death of party" procedures involved in this case is 735 ILCS 5/13-209, which provides for the appointment of a "personal representative" or a "special representative" depending on circumstances. The terms "personal representative" and "special representative" have very distinct meanings under Illinois law. *Relf v. Shatayeva*, 2013 IL 114925, at ¶¶ 32-38, 998 N.E.2d 18 (2013). This distinction is vital to an analysis of the Court's authority in this situation. The "probate exception" sets forth the principle that federal courts

may not exercise jurisdiction over "core" probate matters, such as the probate of a will or the administration of an estate. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

In Illinois, a "personal representative" is defined as "[a] person who manages the legal affairs of another because of incapacity or death." *Relf*, 2013 IL 114925, at ¶ 36. To that end, these "personal representatives" are tasked with "settl[ing] and distribut[ing] the decedent's estate[.]" *Id.* at ¶ 36. In other words, they are the administrators of the estate and appointed by the courts to do exactly that. *Id.* at ¶¶ 32-33. A personal representative can only be appointed after a petition is filed for letters of office for the deceased's estate. *Id.* at ¶ 36. In contrast, a "special representative" is someone appointed by the court where no petition for letters of office for the decedent's estate has been filed. *Id.* at ¶ 38. The duties granted to this individual are limited to bringing or defending legal actions. *Id.* at ¶ 35; *see also*, 209(a)(2), 209(b)(2).

The administration of an estate is one of the core "probate" functions that federal courts lack jurisdiction over. *Marshall*, 547 U.S. at 311; *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006). As such, federal courts in Illinois lack the authority to appoint a "personal representative" to administer an estate under the "probate" exception, and the Court's appointment of the City Clerk as "personal representative" was a manifest error of law.

**B. The Court did not have the power to appoint a "special representative" for Foley's Estate in this situation.**

Putting aside any jurisdictional issue, the Court would also lack the authority to appoint a "special representative" for Foley's Estate because an estate has already been opened, requiring that a "personal representative" be appointed. Again, Illinois law controls on this issue. "[I]f an estate has been opened for the decedent and a personal representative has been appointed by the court, the action may be commenced against his or her personal representative," but "[i]f, on the other hand, no petition has been filed for letters of office for the deceased's estate then … the

court, upon motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action." *Relf*, 2013 IL 114925, at ¶¶ 14, 26 (citing 13-209). In other words, under Illinois law, a court has the power to appoint a special representative for a deceased person only if no estate has been opened and the statute of limitations for the action against the deceased person has not yet run. *See* § 13-209(b).[2]

On March 16, 2004, a petition for probate of Foley's estate was filed in the Circuit Court of Cook County, Probate Division. *In re Estate of William Foley*, 2004 P 2046 (Docket attached as Exhibit "A"). The petitioner filed an affidavit of heirship and a bond of representative and the probate court issued the letters of office as independent administrator. *Id.* Upon information and belief based upon the docket, the individual appointed as the "personal representative" of Foley's Estate was Janice Foley, his widow. *Id.* Defendants informed the Court of the existence of the already-opened estate in their response brief. *See Docket No. 50* at ¶ 12. Notwithstanding this information, Plaintiffs told the Court in their reply brief that "[n]o personal representative currently exists for Defendant Foley's estate," *Docket No. 54* at ¶ 8; this assertion was, however, either a mistake or a misrepresentation given that letters of office were granted by the probate court for Foley's Estate in 2004. *Exhibit A.* The Court recognized this during its ruling, stating that "the plaintiffs have kind of ignored the fact that apparently an estate had been opened." *See July 18, 2018 Transcript* (Attached as Exhibit "B") at 4: 2-5.

Yet, the Court still granted Plaintiffs' motion and appointed the City Clerk as "personal representative" of Foley's Estate and substituted the City Clerk as a party. *See Dkt. No. 66*. The Court reasoned that, since it assumed Plaintiffs did not realize Foley was deceased prior to

[2] *Relf*'s discussion of what a "court" can do under the statute was limited to Illinois state courts; the decision did not involve the question of what a federal court's powers might be to act under the statute.

commencing this action, § 13-209(c) applied and the Court had the discretion to appoint a personal representative. *Exhibit B* at 4: 4-20. While it is accurate that § 209(c) sets forth the procedure for substituting the representative of an estate in an already-commenced action, that is all it does: it does not grant courts the authority to appoint that representative. Rather, § 209(b) is the section that controls who may be the proper representative for an estate in civil litigation; if letters of office have already been issued, then only the "personal representative" designated by a probate court can be the defendant. § 13-209(b)(1). And only when no such letters of office have been issued do courts have the power to appoint a "special representative" to defend the action. § 13-209(b)(2). Section (b)(2) also requires a process of providing notice to the heirs or legatees of the deceased party prior to the appointment of a "special representative." *Id.*

In sum, the fact that a "personal representative" was previously appointed bars the appointment of a subsequent "special representative" to defend the action on behalf of Foley's Estate. *Relf*, 2013 IL 114925, at ¶¶ 14, 26. Not only that, but the Court did not follow the procedures necessary to appoint a "special representative," as Plaintiffs provided no evidence that any notice was provided to Foley's heirs or legatees. § 13-209(b)(2).

In other words, the appointment of the City Clerk as any type of representative of Foley's Estate – personal or special – was a manifest error of law under binding Illinois precedent. Accordingly, the Court should vacate the Appointment Order in its entirety and require the parties to comply with the procedures as defined by Illinois law. In this situation, § 13-209 requires Plaintiffs to ascertain the identity of the personal representative of Foley's Estate, who was appointed on March 26, 2004. *Exhibit A.* Upon information and belief, that individual is Janice Foley, who may be contacted through her attorneys in the probate matter, Anesi Ozmon Rodin Novak, 161 North Clark Street, 21st Floor, Chicago, IL 60601. *Id.* As the plaintiffs, Fulton

and Coleman must confirm that Janice Foley was, indeed, the personal representative of Foley's Estate. Once confirmed, Plaintiffs must move this Court for leave to file an amended complaint with the personal representative as a named defendant instead of William Foley, *see* § 13-209(c)(1), and then Plaintiffs must effect service of process upon the personal representative. § 13-209(c)(2).

That said, upon information and belief, Ms. Foley has expressed hesitance in acting as the "personal representative" for Foley's Estate during this litigation. Should Ms. Foley decline to act in this role, the City has arranged for a retired attorney to request the Illinois probate court modify or amend the existing probate orders relating to Foley's Estate and appoint the retired attorney as the appropriate representative of the estate. The City believes that no other court other than the Illinois probate court has authority to modify the existing probate court order, and that this is the only appropriate procedure under Illinois law.

In the end, the City is requesting this Court vacate the Appointment Order and require the parties to comply with Illinois law as it relates to litigation involving deceased individuals.

**II. The Court should reconsider its Appointment Order because it will compel the City to act in a manner in violation of Illinois law.**

Should this Court decline to amend its Appointment Order under Rule 59(e), it should alternatively allow relief from the order under Rule 60 and direct the parties to resolve the estate issue in a manner consistent with Illinois law. Rule 60(b)(1) allows for relief from an order because of a "mistake"; 60(b)(3) allows for relief due to a "misrepresentation"; and 60(b)(6) provides for relief based on "any other reason" justifying it. Moreover, the final circumstance, 60(b)(6), acts as a "residual catchall" and its open-ended nature allows flexibility and gives courts "wide discretion" in granting a request for relief. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). Courts may consider a wide range of factors to decide whether such

conditions are met. *Id.*; *see also Buck v. Davis*, 137 S.Ct. 759, 777-78 (2018). Some of these factors include the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *Buck*, 137 S.Ct. at 778. In the end, Rule 60(b)(6) is "fundamentally equitable in nature" and should be used when the party invoking the rule is able to show why the circumstances justify the relief. *See Ramirez v. U.S.*, 799 F.3d 845, 851 (7th Cir. 2015); Fed.R.Civ.P. 60(b)(6).

Here, the Appointment Order would require the City Clerk to act as a "personal representative" for Foley's Estate. As explained above, the Order was based on a mistake, misrepresentation, or misapprehension, and is improper under Illinois law. *See* § 13-209(b). Further, it should not be the City Clerk who acts as the personal representative of the estate; this latter position requires the individual to manage the legal affairs of William Foley and imposes other responsibilities under the probate statute. *See Relf*, 2013 IL 114925, at ¶¶ 32-52. The City Clerk has a myriad of duties under both municipal and state law, none of which includes acting as the personal representative for the estates of deceased, former municipal employees. *See* Chicago Municipal Code § 2-12-010, 62 ILCS 5/3.1-35-5 *et seq*. The City Clerk should be permitted to focus on the duties imposed by Illinois law and the Chicago Municipal Code without also having to act as the personal representative for the estate of a deceased police officer, and an alternative individual should be tasked with that assignment.[3]

A more equitable, practical and legal result would be to have the parties jointly appear in probate court and work to have the already appointed "personal representative" of Foley's Estate

---

[3] In addition, if the City Clerk were to be appointed in this case, it might create a precedent for the City Clerk to be appointed in other cases where there is a putative defendant who is a deceased, former municipal employee, eventually overwhelming the office with the responsibilities of serving as the "personal representative" or "special representative" for an untold number of individuals. Such a scenario should not be permitted to interfere with the City Clerk's lawfully enumerated duties.

act in a similar role in this present matter. And, should that "personal representative" decline to do so, one of the firms representing Defendants should be permitted to have another individual substituted to be the appropriate representative of Foley's Estate in a manner consistent with Illinois law. Indeed, counsel for Defendants will arrange for a retired attorney to act as the representative for Foley's Estate upon appointment by an Illinois probate court. While the Court questioned whether such a process is "possible," and stated that even if it was possible it seemed "inefficient" (Exhibit B at 4, lines 15-17), it is in fact the proper course to follow and protects all parties to this action from possible adverse consequences down the road, such as an unenforceable judgment for or against the estate.

## CONCLUSION

For the reasons discussed above, the Court made a manifest error of fact in disregarding that an estate had already been opened for William Foley, and made a manifest error of law in appointing the City Clerk as the "personal representative." As such, the Court should alter its Appointment Order and deny Plaintiffs' initial motion (*Docket No. 50*). In the alternative, the Court should relieve the City and the City Clerk from the Appointment Order and permit the parties to act consistently with Illinois law to have an appropriate individual appointed by the probate court to act as the personal representative of Foley's Estate. Doing so will not delay the substantive litigation of this case in any significant way.

Dated: August 15, 2018

Respectfully Submitted,

*/s/Shawn W. Barnett*
SHAWN W. BARNETT, Atty. No. 06312312
*One of the Attorneys for Defendant City of Chicago*

James G. Sotos
Jeffrey N. Given
Lisa M. Meador
Shawn W. Barnett
Sara J. Schroeder
**THE SOTOS LAW FIRM, P.C.**
550 East Devon, Suite 150
Itasca, Illinois 60143
Tel: (630) 735-3300
sbarnett@jsotoslaw.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that on August 15, 2018, I electronically filed the foregoing **Defendant City of Chicago's Motion for Reconsideration of Court's Order Appointing the Clerk of the City of Chicago as "Personal Representative" of the Estate of William Foley** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

***Plaintiff Fulton's Attorneys***
Kathleen T. Zellner
Douglas Henry Johnson
Nicholas M. Curran
Zellner & Associates, P.C.
1901 Butterfield Rd, Ste 650
Downers Grove, Illinois 60515
630-955-1212
kathleenzellner@gmail.com
dhjohnson43@aol.com
nmcurran@hotmail.com

***Attorneys for Plaintiff Coleman***
Russell Ainsworth
Jonathan Loevy
Arthur Loevy
Rachel Brady
Ruth Brown
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
Russell@loevy.com
Jon@loevy.com
Arthur@loevy.com
Brady@loevy.com
Ruth@loevy.com

***Attorneys for Cook County and Harold Garfinkel***
James E. Hanlon, Jr.
Christina C. Chojnacki
Derek Kuhn
Cook County State's Attorney's Office
50 West Washington Street, Rm. 500
Chicago, Illinois 60602
312-603-3369
james.hanlon@cookcountyil.gov
Christina.chojnacki@cookcountyil.gov
Derek.kuhn@cookcountyil.gov

***Attorneys for Individual Defendants***
Eileen E. Rosen
Patrick R. Moran
Andrew Grill
Austin Rahe
Rock Fusco & Connelly, LLC
321 North Clark, Suite 2200
Chicago, IL 60654
312-494-1000
erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
arahe@rfclaw.com

*/s/Shawn W. Barnett*
SHAWN W. BARNETT, Atty. No. 06312312
*One of the Attorneys for Defendant City of Chicago*