**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DERRELL FULTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 17 C 8696** |
| | ) | |
| **v.** | ) | **No. 18 C 998** |
| | ) | |
| **WILLIAM FOLEY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | **Magistrate Judge** |
| _____ | ) | **Maria Valdez** |
| | ) | |
| **NEVEST COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This matter is before the Court on Plaintiffs' Joint Motion to Compel County Defendants' Responses to Requests for Production [Doc. No. 65]. For the reasons that follow, the motion is granted.

## BACKGROUND

These related lawsuits stem from Plaintiffs' wrongful convictions for a rape and murder committed in 1994. Among the defendants are a former Assistant State's Attorney ("ASA") named Harold Garfinkel and Cook County (collectively, the "County"). Plaintiffs served the County with two requests to produce documents, many of which relate to the underlying criminal investigation and prosecution of Plaintiffs and thus are in the possession of the Cook County State's Attorney's Office ("CCSAO"), who prosecuted the cases. The CCSAO is also representing the County in the present civil cases. The ASA who was then on the case responded to the discovery requests by email, stating: "Cook County is named for indemnification purposes only. Therefore, we request that if you seek a file in the possession of the Cook County State's Attorney's Office, you need to send a subpoena to the Cook County State's Attorney's Office for that file. I will gladly accept that subpoena and relay it to the proper unit in my office that would respond to that subpoena." (Pl.'s Mot., Ex. C at 2.) After more discussion and unsuccessful negotiation among the parties, Plaintiffs brought the present motion to compel the County to respond to the requests directly, rather than requiring them to issue subpoenas to the CCSAO.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 34, a party may serve on another party a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see also In re*

*Folding Carton Antitr. Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) ("It is well settled that a Rule 34 motion for the production of documents is entitled to broad and liberal treatment."). Information from non-parties may be compelled by a subpoena issued under Rule 45. See Fed. R. Civ. P. 34(c). Plaintiffs seek to obtain the documents pursuant to a document request rather than a subpoena because Rule 34 requests are governed by Rule 26 and its requirement that responses must be supplemented if the party learns its production was incomplete or deficient. *See* Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 26(e).

Plaintiffs' motion contends that the County has an obligation, as a party opponent, to produce documents in the CCSAO's possession because the documents are within the County's custody and control. Defendants respond that because the CCASO is a third party, the documents can only be obtained through a subpoena of that office, not from the County directly.

A Rule 34 document request applies solely to parties, not to their associates, counsel, agents, or corporate affiliates. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947); *Kestrel Coal Pty. Ltd. v. Joy Global, Inc.*, 362 F.3d 401, 405 (7th Cir. 2004); *see also Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006) (holding that documents from other litigation in the possession of a party's attorney are not subject to Rule 34, even if the same attorney represents the party in the current matter).

However, documents that are not in the physical possession of the party opponent may nevertheless be subject to a Rule 34 document request if they are within the party's custody or control. *See In re Folding Carton*, 76 F.R.D. at 423 ("It

is well settled that a party need not have actual possession of documents to be deemed in control of them."). In determining whether there is control, "the test is whether the party has a legal right to obtain the evidence." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F.3d 832, 839 (7th Cir. 2014) (quoting *Dexia Credit Local v. Rogan,* 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotations and alterations omitted); *see In re Folding Carton*, 76 F.R.D. at 423 (explaining that the issue of custody and control "depends on the facts of the case"); *Tech. Concepts, L.P. v. Cont'l Mfg. Co.*, No. 92 C 7476, 1994 WL 262119, at *1 (N.D. Ill. June 10, 1994) (Williams, J.) ("The existence of this legal right of control depends upon the relationship between the parties, usually arising from statute, affiliation or employment.").

"The burden of showing that a party is in control of requested documents falls upon the party which brings the motion to compel." *Tech. Concepts*, 1994 WL 262119, at *1. "The burden may shift, however, when the party from whom production is sought fails to respond to assertions of control when given the opportunity to do so." *Wachovia Sec., LLC v. Loop Corp.*, No. 05 C 3788, 2008 WL 2625907, at *1 (N.D. Ill. June 27, 2008) (citation and internal quotation omitted).

The parties have cited competing cases holding that documents in the possession of a party's attorney are or are not discoverable under Rule 34. Although the cases appear to be inconsistent, they all have applied the fact-specific test of control and have simply reached different conclusions. In this case, the CCSAO is not merely an independent law firm but is, as its name suggests, a division of the

4

county, which is a party. *See* 55 Ill. Comp. Stat. § 5/3-9005 (listing the State's Attorney as one of the Officers and Employees in Article 3 of the Counties Code). In the broadest sense then, Cook County is Plaintiffs' party opponent, the attorney in physical possession of the documents at issue, and also the former client on whose behalf the documents were originally created.[1] *See Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) ("[W]hen the person from whom documents are sought 'has practical and actual managerial control over, ... [a] corporate organization[,]' then that person is said to have 'control' sufficient to order production of corporate documents.") (citation omitted).

At oral argument, defense counsel from the CCSAO claimed there was no statutory requirement that his office turn documents over at the request of the County, but he failed to identify a statutory prohibition. It appears that in response to Plaintiff's document requests, the County did not actually request the documents from the CCSAO, so it is unknown whether it would have refused such a request and/or on what legal basis it could have done so. Defendants have therefore failed to demonstrate that they do not have the legal right to obtain the CCSAO documents, and the motion is granted.

---

[1] Cook County is named pursuant to its statutory duty to indemnify Garfinkel. Defendants' brief suggests that the County's discovery obligations are lessened in light of its role in the litigation, but they have offered no support for the notion that there are different classes of parties for discovery purposes.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Joint Motion to Compel County Defendants' Responses to Requests for Production [Doc. No. 65] is granted.

**SO ORDERED.**                    **ENTERED:**

**DATE:      August 28, 2018**       _____
                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**