# Exhibit H



Kathleen Zellner <attorneys@zellnerlawoffices.com>

## Fulton / Coleman - City's document production

**Kathleen Zellner** <attorneys@zellnerlawoffices.com>                                      Tue, Dec 4, 2018 at 4:57 PM
To: Russell Ainsworth <russell@loevy.com>
Cc: "Sara J. Schroeder" <SSchroeder@jsotoslaw.com>, Diamond Dixon <DDixon@jsotoslaw.com>, Andrew Joseph Grill <agrill@rfclaw.com>, Austin Gordon Rahe <arahe@rfclaw.com>, Brad Heurung <bheurung@rfclaw.com>, Christina Chojnacki <christina.chojnacki@cookcountyil.gov>, "DEREK KUHN (States Attorney)" <derek.kuhn@cookcountyil.gov>, Eileen Ellen Rosen <erosen@rfclaw.com>, James Bryan Novy <jnovy@rfclaw.com>, James Gus Sotos <JSotos@jsotoslaw.com>, Jeffrey Neil Given <JGiven@jsotoslaw.com>, Kara Huston <khutson@rfclaw.com>, Lauren Lebata <lauren@loevy.com>, Lisa Marie Meador <LMeador@jsotoslaw.com>, "Patrick R. Moran" <pmoran@rfclaw.com>, Rachel Elaine Brady <Brady@loevy.com>, Ruth Brown <ruth@loevy.com>

All,

(1) The names of Clarence Neal's other victims were disclosed by ISP in response to the subpoena I issued, which documents I disclosed to you (e.g., Fulton 7243, 8434, 8443, and 8473).  Thus, we have them from another source other than from the CCSAO's prior document production;

(2) Derek, if you intend on redacting victims' names from document production and/or objecting to disclosing the victims' names, why didn't you participate in any of our prior emails or today's conference call?

(3) Derek - I had viewed the CCSAO's document production long before it was "clawed back" and have known the victims' other names for some time.  Your email did not indicate what redactions would be made to your amended document production.  Therefore, it is unclear to me how you would expect us to know that we should delete those names from our memory.

(4) Sara - unless I am missing something, there is no decision in the Doe case that supports your position.  If you can, please clarify.

Also - I think one of Russell's key points above is that based on our conference call none of the defendants are willing to commit to waiving any hearsay or other evidentiary objections at trial with regard to what Clarence Neal's victims told police.  This, in my opinion, is significant with regard to balancing the interests of Plaintiffs and Clarence Neal's victims.  If we have misunderstood your position in that regard, please notify us as soon as possible.

Nick
[Quoted text hidden]