IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRELL FULTON<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, ET. AL.<br><br>    Defendants. | Case No. 17-CV-08696<br><br>Honorable Martha M. Pacold<br>Presiding District Judge<br><br>Honorable Sunil R. Harjani<br>Presiding Magistrate Judge |
| NEVEST COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, ET. AL.<br><br>    Defendants. | Case No. 18-CV-00998<br><br>Honorable Martha M. Pacold<br>Presiding District Judge<br><br>Honorable Sunil R. Harjani<br>Presiding Magistrate Judge |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**WITHHELD ON THE BASIS OF THE DELIBERATIVE PROCESS PRIVILEGE**

Defendants Michael Clancy, John Halloran, Kenneth Boudreau, James O'Brien, Gerald Carroll, William Moser, Albert Graf, Stanley Turner, Thomas Benoit, Thomas Kelly, Geri Lynn Yanow, as Independent Administrator of the Estate of William Foley, and the City of Chicago (collectively, the "City Defendants"), through their respective undersigned attorneys, hereby move this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2, to compel the Defendant Cook County to produce any and all pre-decisional documents,

materials, correspondence, emails, and communications, in its possession or control that relate to or were part of the Cook County State's Attorney's Office's ("CCSAO") decision retry Plaintiffs and the subsequent decision to not retry them and dismiss all criminal charges against them related to the murder of Antwinica Bridgeman.

1. On May 31, 2018 and June 7, 2018, Plaintiffs served Defendant and former Cook County Assistant State's Attorney Hal Garfinkle and Cook County with their respective requests to produce. (Requests to Produce attached as Exhibits A & B).

2. Mr. Garfinkle and Cook County (the "County Defendants") are represented by the same counsel in this litigation.

3. Those requests asked Defendant Garfinkle to produce a variety of documents and materials in the possession or control of the CCSAO related to Plaintiffs' criminal prosecutions for the murder of Antwinica Bridgeman as well as documents related to the CCSAO's subsequent decision to not retry and dismiss all criminal charges against them. (*See Id.*).

4. Had Plaintiffs not issued these discovery requests, the City Defendants would have attempted to obtain the same information through the course of fact discovery. However, it was unnecessary for the City Defendants to have issued duplicative discovery given that whatever the CCSAO or the County produced would be produced to all parties.

5. The County Defendants subsequently produced responsive records pursuant to those discovery requests. In February and October, 2019, the County Defendants produced privilege logs, addressed to "all counsel of record" detailing a number of documents it had withheld from its production because they were part of its decision-making process that led to the CCSAO's decision to not retry Plaintiffs and dismiss all criminal charges against them. (See Privilege Logs, attached as Exhibits C & D, respectively).

6. On December 4, 2020, during a hearing on the CCSAO's motion to quash Defendants' subpoenas for the depositions of former Cook County Assistant State's Attorney Mark Rotert and former First Assistant, Eric Sussman, this Court ruled that certain public statements made by the CCSAO, "constitute a waiver as to the decisions [by the CCSAO] for a retrial and then a dismissal of the conviction of the case" (*See* Hr'g Tr., 14:3-17, Dec. 4, 2020, attached hereto as Exhibit E) and that "Defendants can inquire [of Rotert and Sussman during their depositions] as to the decisions – to the reasons why the State's Attorney decided to first retry and then dismiss the case against the Plaintiffs." (Exhibit E, 17:22-18:3).

7. In light of this Court's ruling, on December 21, 2020, counsel for the Defendant Officers conferred with Amy Kunzer, current counsel for the County Defendants and requested that the County produce, in advance of the deposition of Mark Rotert currently scheduled for January 7, 2021, all materials on its privilege logs that have been withheld on a claim of deliberative process privilege and which relate to why the State's Attorney decided to first retry and then dismiss the case against the Plaintiffs.

8. On December 22, 2020, Ms. Kunzer informed City Defendants that CCSAO documents can only be obtained through a subpoena to the CCSAO, not from the County directly. (*See* Dec. 22, 2020 4:29 p.m. email from A. Kunzer, attached as Exhibit G). As such, Ms. Kunzer offered to produce these materials pursuant to a subpoena that she would issue to the CCSAO. (*See Id.*).

9. The City Defendants objected to Ms. Kunzer's proposal because it contravenes Magistrate Valdez's August 28, 2018 Order granting Plaintiffs' motion to compel the County Defendants responses to Plaintiffs' requests for production wherein M.J. Valdez ordered that CCSAO documents could be obtained by the Parties to this litigation directly from the County,

3

without a subpoena. (*See* Aug. 28, 2018 Order, Dkt. 81, p. 3, attached hereto as Exhibit F) ("the County has an obligation, as a party, to produce documents in the CCSAO's possession because the documents are within the County's custody and control.")

10. The City Defendants also objected to Ms. Kunzer's proposal because it makes it unlikely that the documents at issue would be produced in time for Mr. Rotert's January 7, 2021 scheduled deposition.

11. Notwithstanding the objections, the City Defendants are amenable to the County's proposal, provided the County obtained consent from Plaintiffs' counsel to issue the subpoenas or filed a motion for leave to issue the subpoenas, and could produce the documents in a sufficient amount of time for the depositions of Rotert and Sussman. As of this filing, it does not appear these steps have been taken.

12. The City Defendants will be prejudiced if these documents are not produced before the deposition of Mark Rotert and Eric Sussman because they directly relate to the topic of the CCSAO's decision to retry Plaintiffs, and the subsequent decision only two weeks later to not retry them and dismiss all criminal charges against Plaintiffs – a topic this Court specifically ruled is not subject to any privilege as a result of a waiver. (*See* Ex. E, 10:25-15:5).

13. On December 14, 2020, this Court ordered that any motions to compel related to outstanding documents issues relating to the depositions of Mark Rotert and Eric Sussman be filed by December 23, 2020. (*See* Dkt. 292). Accordingly, the City Defendants are bringing this motion as a precautionary measure because it is unknown whether and to what extent as of this filing whether the County will issue subpoenas to the CCSAO, whether Plaintiffs' counsel would even agree to the proposal or whether the documents would be produced in advanced of the depositions.

WHEREFORE, Defendants respectfully request this Court grant this motion and enter an order compel the County Defendants to produce by January 4, 2021, any and all documents, materials and correspondence in its possession or control or that are being withheld under a claim of under deliberative process or any other privilege, which relate to its decision-making process that led to the CCSAO's decisions to retry Plaintiffs, and then to decision not retry Plaintiffs and dismiss all criminal charges against them, and for such further relief as this Court deems just and equitable.

Dated: December 23, 2020

Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel
for the City of Chicago

/s/ Andrew J. Grill
Andrew J. Grill
*Special Assistant Corporation Counsel*
*For the City of Chicago*
Attorney for Defendant Officers
Rock Fusco & Connelly
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 474-1000

CELIA MEZA
Acting Corporation Counsel
for the City of Chicago

/s/ Lisa M. Meador
Lisa M. Meador
*Special Assistant Corporation Counsel*
*For the City of Chicago*
Attorney for Defendant City
The Sotos Law Firm
141 W. Jackson Blvd., 1240A
Chicago, Illinois 60143
(630) 735-3300