# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEVEST COLEMAN, | ) | |
| | ) | Case No. 1:18-CV-00998 |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| CITY OF CHICAGO, KENNETH | ) | Hon. Robert W. Gettleman |
| BOUDREAU, JOHN HALLORAN, | ) | District Judge |
| MICHAEL CLANCY, JAMES O'BRIEN, | ) | |
| WILLIAM FOLEY, ALBERT GRAF, | ) | |
| WILLIAM MOSER, STANLEY TURNER, | ) | |
| GERALD CARROLL, THOMAS KELLY, | ) | |
| SERGEANT THOMAS BENOIT, as-yet | ) | |
| UNKNOWN OFFICERS OF THE | ) | **JURY TRIAL DEMANDED** |
| CHICAGO POLICE DEPARTMENT, | ) | |
| ASSISTANT STATE'S ATTORNEY | ) | |
| HAROLD GARFINKEL, and COOK | ) | |
| COUNTY, | | |
| *Defendants.* | | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT HAROLD GARFINKEL**

PLAINTIFF NEVEST COLEMAN, by his undersigned attorneys, propounds the following Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure upon DEFENDANT HAROLD GARFINKEL, to be answered in writing within thirty days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

2. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

3. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

4. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendant or known by Defendant to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but not limited to: initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

5. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as but not limited to Facebook, Twitter, and Instagram.

6. If there are no Documents in Your possession, custody or control that are responsive to a particular request, please so state and identify such request.

7. If any Documents responsive to a request are known by You to exist but are not in Your possession, custody or control, please identify such request and identify those Document(s) and the Person who has possession, custody or control thereof.

8. "Defendant Officers" shall refer to Defendants KENNETH BOUDREAU, JOHN HALLORAN, MICHAEL CLANCY, JAMES O'BRIEN, WILLIAM FOLEY, ALBERT GRAF, WILLIAM MOSER, STANLEY TURNER, GERALD CARROLL, THOMAS KELLY, THOMAS BENOIT, as well as their counsel and any consultants, experts, investigators, representatives, agents, or other Persons acting on their behalf.

9. The "City of Chicago" or the "City" shall refer to Defendant City of Chicago, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Independent Police Review Authority ("IPRA"), the Civilian Office of Police Accountability ("COPA"), the Office of Professional Standards ("OPS"), and the Internal Affairs division of the Chicago Police Department, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

10. "Department" or "CPD" shall refer to the Chicago Police Department, as well as its counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on its behalf.

11. The terms "You" and "Your" shall refer to Defendant Garfinkel, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on his behalf.

12. "Nevest Coleman Investigation" shall mean any actions taken by You or any "Investigators" (as that term is defined below) relating in any way to the prosecution of Nevest Coleman in *People v. Coleman,* Case No. 94 CR 1334401. This term is not limited solely to actions taken prior to the arrest of Nevest Coleman, but includes actions undertaken both before and after the arrest of Nevest Coleman, including any actions during Nevest Coleman's criminal trial and any actions up to and including the present day.

13. "Investigators" shall mean any Persons who materially participated in the Nevest Coleman investigation. This includes not only the named Defendants but also any other law enforcement officers, prosecutors, state investigators, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any material support to the Nevest Coleman investigation.

14. "Exculpatory Evidence" shall mean evidence favorable to Nevest Coleman and evidence that would tend to show that Nevest Coleman was not guilty of the criminal charges against him in [criminal caption], including any evidence that would tend to undermine the credibility of any prosecution witness who testified during Nevest Coleman's criminal proceedings.

15. "Plaintiff's Complaint" shall mean the operative pleading entitled First Amended Complaint, which was filed in *Coleman v. City of Chicago, et al*., 18 CV 00998, or if that Complaint is amended, the most recent amended complaint filed on Nevest Coleman's behalf at the time these discovery requests are served.

16. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to Your job performance or the job performance of any of Your counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on Your behalf, regardless of the disposition of any resulting inquiry or investigation. This includes but is not limited to all citizen complaints made to IPRA, COPA, OPS, or the CPD's Internal Affairs Division, all Summary Punishment Action Requests ("SPARS") or other such departmental citations, all Counseling Records, and all lawsuits filed in either federal or state court alleging misconduct by a police officer.

17. "Identify," with respect to a Person, shall mean to provide that Person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

18. "Street File" is defined as all Documents pertaining to a police investigation that are not provided to the prosecutor and/or the defendant for a pending criminal proceeding relating to that police investigation. This includes but is not limited to Documents that were not submitted to the Records Division of the Chicago Police Department for inclusion into the Permanent Retention File associated with a particular RD number, or which are not included in

the Investigative File, the Investigative File Case Folder, or the Unit Investigative File. The definitions of "Street File" that are contained in *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988), and *Palmer v. City of Chicago*, 576 F. Supp. 1067 (N.D. Ill. 1983), are incorporated as if fully stated herein. The term "street files" may include "running files"; files maintained on "clipboards"; and/or "officer files." To be clear, the term "Street Files" refers to all of the Documents from these Street Files, including any detective notes, memos and Witness Statements contained therein.

19. "Permanent Retention File" is the file pertaining to a particular criminal investigation that is maintained by the Records Division of the Chicago Police Department and stored in the Records Division warehouse.

20. "Investigative File" shall have the meaning given to it in CPD Special Order 83-1 and/or Special Order 86-3.

21. "Investigative File Case Folder" shall have the same meaning attributed to it in CPD Special Order 83-1 and/or Special Order 86-3.

22. "Witness Statement" includes any statement by an individual, made either orally or in writing, and memorialized in a General Progress Report ("GPR") or supplementary report, or by a stenographer, police officer or Assistant State's Attorney. Witness Statements also include any such statements by an individual that were not memorialized in any fashion.

23. Unless otherwise stated, the "Relevant Time Period" for Plaintiff's discovery requests shall be the period from 5 years prior to the incident described in Plaintiff's Complaint to the present.

24. Please identify any Document withheld under a claim of privilege, identifying the source and

## REQUESTS FOR PRODUCTION

1. Any and all Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint, including but not limited to all Exculpatory Evidence.

2. All Documents relating to or supporting any affirmative defenses Defendants may assert.

3. All Documents upon which Defendants may rely at trial.

4. Any and all Documents prepared in connection with the Nevest Coleman Investigation and the investigation, arrest, interrogation and charging of Plaintiff, including but not limited to any and all police reports, collected evidence, lab reports, handwritten notes, crime scene photographs, photo arrays, and photographs of the Plaintiff, or other witnesses. The request specifically includes but is not limited to the complete Department Permanent Retention File and the complete Investigative File, Area File, Unit File, or Street File with respect to the Nevest Coleman Investigation.

5. Any Documents relating to any confidential informants that were used by you during the Nevest Coleman Investigation.

6. All Documents, including running files or your notes, which were not included in the Investigative File and that summarize, reflect or describe any investigative actions related to the Nevest Coleman investigation.

7. All Documents relating to whether the Plaintiff committed any illegal act in relation to the incident described in the Complaint.

8. Any and all Documents related to any Complaint of any person against You at any time. This request specifically seeks, but is not limited to, a print-out of your disciplinary histories with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding; and any Complaints filed in criminal or civil court.

9. Documents sufficient to show your location, movements, and assignments on April 28 and 29, 1994. This request specifically seeks but is not limited to any Attendance and Assignment sheets for the specified time period.

10. Any insurance contracts or indemnification agreements that may cover your liability for the claims Plaintiff makes in this case.

11. A photograph of you showing your appearance at or near the time of the Nevest Coleman investigation. This request seeks the photograph in your possession taken closest in time to the Nevest Coleman investigation.

12. All Documents in Your possession relating to Plaintiff. This request includes Documents obtained prior to, during and after the Nevest Coleman Investigation.

13. All Documents that support or relate to any of Your responses to any of Plaintiff's Interrogatories or Requests for Admission in this case.

14. All Documents comprising, containing, or memorializing Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, text messages, notes, etc. This Request includes but is not limited to (a) all Communications between the Investigators and Plaintiff; (b) all Communications between the Investigators and the witnesses in this case; (c) all Communications with employees of the Cook County State's Attorney's Office; (d) all Communications between or among any person within the Department; and (e) all Communications between any of the Investigators including Defendant Garfinkel. This request also includes any such Communications that are not included in the Investigative File for the Nevest Coleman Investigation.

15. All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the subjects described in Plaintiff's Complaint.

16. Any witness statements relating to any of the events described in Plaintiff's Complaint in this action.

17. All Documents relating to the investigation, arrest, interrogation, or prosecution of any Person who has ever been a suspect in the Bridgeman homicide investigation at all times through the conclusion of this litigation.

18. All Documents, including all Communications, between any Individual Defendant or any employee, agent, or contractor of any of the Entity Defendants and any news media on the subject of Nevest Coleman, including but not limited to all video recorded interviews, audio recorded interviews, emails, articles, or written correspondence.

19. All Documents or evidence favorable to Nevest Coleman tending to show Nevest Coleman was not guilty of the Bridgeman murder or robbery, including any evidence that would tend to undermine the credibility of any prosecution witness who testified during any of Nevest Coleman's criminal proceedings.

20. All Documents relating to any person who you now consider a suspect in the Bridgeman homicide investigations.

21. All Documents obtained from third parties (including but not limited to Documents obtained via third party subpoena in this litigation), including but not limited to employment records, medical records, prison/jail records, or any other records that relate to this litigation or to the allegations in the Complaint.

22. All Documents obtained via FOIA or other means that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

23. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause.

24. All physical evidence relating to any of the allegations in Plaintiff's Complaint or Defendants' defenses thereto, including but not limited to photographs, inventoried evidence, laboratory evidence, diagrams, sketches, audio or video recordings.

25. All policies, procedures, general orders, special orders, and/or employee manuals relating to felony review procedures, including but not limited to interviewing witnesses, interviewing suspects, approving or rejecting felony charges, and providing material assistance to witnesses and suspects.

26. Any Documents that support a claim that You or any of the Defendant Officers acted inconsistently with any of the policies or practices of the City of Chicago, Chicago Police Department or Cook County State's Attorney's Office (formal or informal, written or unwritten) at any time during any event or circumstance described in Plaintiff's Complaint.

27. All Documents relating to Your total financial net worth, including the following: (a) your three most recent tax returns, both state and federal; (b) all documents relating to any assets in your possession with a value in excess of $2,500; (c) copies of all monthly statements for the period of January 2008 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest; (d) copies of any insurance policies in which you are either the beneficiary or have any other ownership interest; (e) a copy of the deed to your residence. If you do not own your home, please produce a copy of current lease; (f) a copy of the title of your automobiles, as well as a copy of all documentation relating to financing, ownership, and any equity you may have in said automobiles; (g) all documents relating to any ownership interest in any real estate, including copies of any deeds or titles; (h) a copy of your last four pay stubs relating to any employment in which you are engaged, including the Cook County State's Attorney's Office; (i) all documents relating to any mortgage applications signed by you in the last three years.

28. All Documents that support or rebut a defense by You in this litigation that an award of punitive damages would cause a financial hardship.

29. Any and all Documents relating to any psychological testing or screening of any kind performed on each Defendant Officer (a) before You were hired by the Cook County State's Attorney's Office; and (b) during Your employment with the Cook County State's Attorney's Office.

30. All physical evidence relating to any of the allegations in Plaintiff's Complaint or Defendant's defenses thereto.

31. All Documents relating to any Rule 26 expert witness retained by Defendants in this matter, including but not limited to: (a) all Communications to/from said expert(s) which are not otherwise protected as work product under Rule 26; (b) all Documents provided to and relied upon by said experts(s); (c) all notes, reports, and analysis by said expert(s); (d) all bills or statements of the hours and compensation paid to or billed by the witness for work on this matter; and (e) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please seasonably supplement Your Responses.

32. All Documents, including all Communications, between You and news media on the subject of Plaintiff or any event described in Plaintiff's Complaint, including but not limited to all video recorded interviews, audio recorded interviews, emails, articles, or written correspondence.

33. All Documents that constitute records, logs, or inventories of physical evidence relating to any of the allegations in Plaintiff's Complaint or Your defenses to Plaintiff's Complaint, including but not limited to records, logs, or inventories of any physical evidence collected from Plaintiff.

34. All Documents which support a contention by You in this litigation that reasonable suspicion or probable cause existed to stop, investigate, question, or arrest Plaintiff on

April 29, 1994, or that Plaintiff had committed any illegal act in retaliation to the events described in Plaintiff's Complaint.

35. All Documents produced by, sent to, or received from the Cook County State's Attorney's Office relating to the events described in Plaintiff's Complaint.

36. Documents sufficient to show all cell phone numbers and providers used by You, at any time between April 28, 1994 and the present day. This request specifically includes both work-issued and personal cell phone numbers and providers.

37. All Documents relating to the following 404(b) listed in the complaint: Harold Hill; Dan Young; Peter Williams; Tyrone Hood; Wayne Washington; Derrick Flewellen; Alfonzia Neal; Fred Ewing; Darnell Stokes; Jonathan Tolliver; Marcus Wiggins; Antione Ward; Fabian Pico; Jesse Clemon; Kilroy Watkins; Clayborn Smith; Christopher Holly; Richard Malek; Oscar Gomez; Eric Gomez; Abel Quinones; Tyrone Reyna; Nicholas Escamilla; Miguel Morales; Joseph Jackson; John Plummer; Arnold Day; Richard Anthony; Jerry Gillespie; John Wright; Emmett White; Mickey Grayer; Javon Deloney; Cortez Brown; Curtis Milsap; Damari Clemon; Anthony Williams; Frank Bounds.

Dated: May 31, 2018

RESPECTFULLY SUBMITTED:

/s/ Russell Ainsworth
*Attorney for Plaintiff*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Rachel Brady
LOEVY & LOEVY
311 N Aberdeen, 3rd Floor
Chicago, IL 60607