# Exhibit B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRELL FULTON, a.k.a. DARRYL FULTON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-CV-8696 |
| CHICAGO POLICE OFFICERS WILLIAM FOLEY, #20450, et al., Defendants. | ) ) ) ) | Honorable Robert W. Gettleman, Judge Presiding. |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANTS GARFINKEL AND COOK COUNTY**

Plaintiff, Derrell Fulton, by and through his attorneys, Kathleen T. Zellner & Associates, P.C., propounds the following Requests for Production pursuant to Fed. R. Civ. P. 34 upon Defendants Harold Garfinkel and Cook County.

**Definitions and Instructions**

The following Definitions and Instructions shall govern all of Plaintiff's requests for production in this action and shall be deemed incorporated into all subsequent requests.

1. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession and/or control of Defendant or known by Defendant to exist, whether claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but not limited to initials routing instructions, date stamps, and any comment, marking or notation of any character, is to be considered a separate document.

2. "You" or "Your" shall refer to Defendant Harold Garfinkel and/or to Defendant Cook County.

3. The term "CPD" shall refer to the Chicago Police Department.

1

4. The term "CCSAO" shall refer to the Cook County State's Attorney's Office.

5. The term "ISP" shall refer to the Illinois State Police.

6. "Related to," "relating to," "regarding," or "pertaining to" shall mean directly or indirectly mentioning or describing, pertaining to, connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

7. "Communications" shall refer to any form of communication, including, for example, letters, memos, e-mails, notes, correspondence or the like.

8. "Person" shall refer to any individual, corporation, partnership, organization, or any other entity.

9. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

10. The "victim" shall refer to Antwinica Bridgeman, the person whose murder is referenced in Plaintiff's operative complaint.

11. The "CODIS offender" shall refer to the individual, to be identified by the Cook County State's Attorney's Office through the course of discovery in this lawsuit, whose DNA profile was obtained during forensic testing of a semen stain found in the victim's underwear.

12. These requests seek documents in your possession, custody, or control, and should be construed to include those documents in the possession of your current and former attorneys, or in the possession of any other person acting on your behalf in this lawsuit, to the extent those documents are not otherwise protected by an applicable privilege.

13. If any documents responsive to this request are known by you to exist but are not in your possession, custody or control, identify said document(s) and the person who has possession, custody or control thereof.

14. If there are no documents in your possession, custody or control which are responsive to a request, please so state and identify such request.

15. Please mark all documents produced with an identifying number (i.e., a bates stamp number).

16. Please identify by bates number(s) the production request to which each document produced is responsive.

17. If it is otherwise not possible to produce any document responsive to any request herein, or if any part of said request is objectionable, the reasons for your inability to produce or your objections should be stated with specificity as to all grounds.

18. You need not produce a document already produced by Defendant City of Chicago in this lawsuit. However, this provision does not apply it the document has marks or notations on it different from those on the document produced by the Defendant City, rendering it a separate document in accordance with No. 2 above.

19. **Privileged Documents.** If any document is withheld under claim of privilege, please list, rather than produce, any such document with respect to which you claim a privilege, identifying the source and nature of the privilege.

## Requests for Production

1. Please produce the entire CCSAO file related to the prosecution of Derrell Fulton in *People v. Fulton*, 94 CR 1334402.

   **Response:**

2. Please produce the entire CCSAO file related to the prosecution of Nevest Coleman in *People v. Coleman*, 94 CR 1334401.

   **Response:**

3. Please produce the entire CCSAO file related to the prosecution of Eddie Taylor in *People v. Taylor*, 94-CR-15873.

   **Response:**

4. Please produce all documents the CCSAO received from the CPD related to the investigation of the victim's murder.

   **Response:**

5. Please produce all documents the CCSAO received from the CPD related to the prosecution of Derrell Fulton, Nevest Coleman, and Eddie Taylor for the victim's murder.

   **Response:**

6. Please produce all communications between the CCSAO and the CPD related to the victim's murder.

3

**Response:**

7. Please produce all communications between the CCSAO and the CPD related to the prosecution of Derrell Fulton, Nevest Coleman, and Eddie Taylor for the victim's murder.

**Response:**

8. Please produce all documents the CCSAO received from the ISP related to the investigation of the victim's murder.

**Response:**

9. Please produce all documents the CCSAO received from the ISP related to the prosecution of Derrell Fulton, Nevest Coleman, and Eddie Taylor for the victim's murder.

**Response:**

10. Please produce all communications between the CCSAO and the ISP related to the victim's murder.

**Response:**

11. Please produce all communications between the CCSAO and the ISP related to the prosecution of Derrell Fulton, Nevest Coleman, and Eddie Taylor for the victim's murder.

**Response:**

12. Please produce the Felony Review folder(s) related to the victim's murder.

**Response:**

13. Please produce any handwritten or typed notes prepared by Defendant Garfinkel related to the victim's murder.

**Response:**

14. Please produce any handwritten or typed notes prepared by assistant state's attorney Martin Fogarty related to the victim's murder.

**Response:**

15. Please produce any handwritten or typed notes prepared by any other assistant state's attorney in Felony Review related to the victim's murder.

4

**Response:**

16. Please produce any notes, memoranda, reports, and the like related to the decision to charge Derrell Fulton with the victim's murder.

**Response:**

17. Please produce any notes, memoranda, reports, and the like related to the decision to charge Nevest Coleman with the victim's murder.

**Response:**

18. Please produce any notes, memoranda, reports, and the like related to the decision to charge Eddie Taylor with the victim's murder.

**Response:**

19. Please produce any notes, memoranda, reports, and the like related to the decision to dismiss charges against Eddie Taylor for the victim's murder.

**Response:**

20. Please produce all documents related to any polygraph exam purportedly administered to Eddie Taylor concerning the victim's murder.

**Response:**

21. Please produce all documents not otherwise produced in response to Request Nos. 1-20 related to your contention that probable cause existed to arrest and prosecute Derrell Fulton for the victim's murder.

**Response:**

22. Please produce all documents not otherwise produced in response to Request Nos. 1-20 related to your contention that probable cause existed to arrest and prosecute Nevest Coleman for the victim's murder.

**Response:**

23. Please produce all documents not otherwise produced in response to Request Nos. 1-20 related to your contention that probable cause existed to arrest and prosecute Eddie Taylor for the victim's murder.

**Response:**

24. Please produce all statements not otherwise produced in response to Request Nos. 1-20 related to the victim's murder.

5

**Response:**

25. Please produce all documents relevant to determining the location and movements of Defendant Garfinkel from April 28, 1994 at approximately 8:00 p.m. through May 1, 1994 at 12:00 p.m., including, for example, reports from other CPD investigations, Felony Review folders related to other CPD investigations, and the like.

**Response:**

26. To the extent you claim that any prior arrest and/or prosecution of Derrell Fulton is relevant to this lawsuit, please produce all documents related to each such prior arrest and/or prosecution. This includes, but is not limited to, all documents comprising the CCSAO file for each such arrest and/or prosecution.

**Response:**

27. To the extent you claim that any prior arrest and/or prosecution of Nevest Coleman is relevant to this lawsuit, please produce all documents related to each such prior arrest and/or prosecution. This includes, but is not limited to, all documents comprising the CCSAO file for each such arrest and/or prosecution.

**Response:**

28. To the extent you claim that any prior arrest and/or prosecution of Eddie Taylor is relevant to this lawsuit, please produce all documents related to each such prior arrest and/or prosecution. This includes, but is not limited to, all documents comprising the CCSAO file for each such arrest and/or prosecution.

**Response:**

29. Please produce all photographs taken of Derrell Fulton while he was at Area 1 in relation to the victim's murder.

**Response:**

30. Please produce all photographs taken of Nevest Coleman while he was at Area 1 in relation to the victim's murder.

**Response:**

31. Please produce all photographs taken of Eddie Taylor while he was at Area 1 in relation to the victim's murder.

**Response:**

32. Please produce the Conviction Integrity Unit's and/or the CCSAO's entire file related to its re-investigation of the victim's murder.

**Response:**

33. Please produce all notes, memoranda, reports, and the like related to the CCSAO's decision to vacate the charges against Derrell Fulton and Nevest Coleman for the victim's murder.

**Response:**

34. Please produce all notes, memoranda, reports, and the like related to the CCSAO's decision to vacate the charges against Derrell Fulton and Nevest Coleman for the victim's murder.

**Response:**

35. Please produce all documents related to the CODIS offender. This includes, but is not limited to, the entire CCSAO file for any prosecution(s) of the CODIS offender.

**Response:**

36. To the extent you claim that the CODIS offender deposited his semen in the victim's underwear as the result of a consensual sexual encounter, please produce all documents in support of that contention.

**Response:**

37. Please produce all documents related to any internal investigation undertaken by the CCSAO in connection with the prosecution of Derrell Fulton for the victim's murder.

**Response:**

38. Please produce copies of any documents received in response to subpoenas you issue in this lawsuit.

**Response:**

39. Please produce all communications with any non-party witnesses sent or received by you related to this lawsuit.

**Response:**

40. Please produce all documents related to any allegations of misconduct made against Defendant Garfinkel in his capacity as an assistant state's attorney.

7

41. Please produce Defendant Garfinkel's personnel file.

**Response:**

42. Please produce all written CCSAO policies, procedures, and the like related to Felony Review effective in April and May of 1994.

**Response:**

43. Please produce all documents related to training of assistant state's attorney's working in Felony Review in April and May of 1994.

**Response:**

44. Please produce the entire CCSAO file related to the prosecution of Harold Hill for the murder of Kathy Morgan.

**Response:**

45. Please produce the entire CCSAO file related to the prosecution of Tyrone Hood and Wayne Washington for the murder of Marshall Morgan.

**Response:**

46. Please produce the entire CCSAO file related to the prosecutions of Harold Richardson, Michael Saunders, Terrill Swift, and Vincent Thames for the murder of Nina Glover.

**Response:**

47. Please produce the entire CCSAO file related to the prosecution of Derrick Flewellen for the murders of Sherry Hunt and Lovie Ford.

**Response:**

48. Please produce the entire CCSAO file related to the prosecution of Sean Tyler for the murder of Rodney Collins.

**Response:**

49. Please produce all documents produced to Nevest Coleman in *Coleman v. City of Chicago, et al.*, Case No. 18-cv-998, not otherwise produced in response to a Request made herein.

**Response:**

50. Please produce all documents produced to Nevest Coleman in *Coleman v. City of Chicago, et al.*, Case No. 18-cv-998, not otherwise produced in response to a Request made herein.

**Response:**

Respectfully submitted,

Dated: June 7, 2018  /s/ Kathleen T. Zellner
Kathleen T. Zellner
Attorney for Plaintiff Fulton
Kathleen T. Zellner & Associates, P.C.
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Email: attorneys@zellnerlawoffices.com

9