# Exhibit A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NEVEST COLEMAN, | ) | |
| | ) | Case No. 1:18-CV-00998 |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| CITY OF CHICAGO, KENNETH | ) | Hon. Robert W. Gettleman |
| BOUDREAU, JOHN HALLORAN, | ) | District Judge |
| MICHAEL CLANCY, JAMES O'BRIEN, | ) | |
| WILLIAM FOLEY, ALBERT GRAF, | ) | |
| WILLIAM MOSER, STANLEY TURNER, | ) | Hon. Maria Valdez |
| GERALD CARROLL, THOMAS KELLY, | ) | Magistrate Judge |
| SERGEANT THOMAS BENOIT, as-yet | ) | |
| UNKNOWN OFFICERS OF THE | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | **JURY TRIAL DEMANDED** |
| ASSISTANT STATE'S ATTORNEY | ) | |
| HAROLD GARFINKEL, and COOK | ) | |
| COUNTY, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF NEVEST COLEMAN'S RESPONSE TO
DEFENDANT BOUDREAU'S FIRST SET OF INTERROGATORIES**

Plaintiff Nevest Coleman, by and through his attorneys, Loevy & Loevy, hereby responds as follows to the First Set of Interrogatories of Defendant Boudreau:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff's investigation is ongoing as to all matters referenced in the objections and

responses below. Plaintiff's objections and responses are based upon, and necessarily limited by,

information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise,

correct, supplement, modify, or clarify the content of his objections and responses below, in

accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Each objection below applies to each instruction, definition, and specific request included

in the interrogatories; and unless otherwise stated, shall have the same force and effect as if set

1

forth in full in response to each instruction, definition, and specific request.

Plaintiff objects to Definition (F) ("Plaintiff"/"Plaintiffs"/"you"/"your") as vague, ambiguous, unduly burdensome, and improper to the extent that it includes not only Mr. Coleman, but also Darrell Fulton and all other "persons . . . who are performing or have performed any services" on behalf of both, without any further definition, clarification, or limitation, and Plaintiff construes the terms to refer to himself, and his attorneys and investigators (if any), in this action.

Plaintiff construes Defendant's definitions and instructions to request information within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody or control of Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the psychotherapist-patient privilege, the marital communications privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or

2

obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to the interrogatories as a whole and to each interrogatory contained therein, to the extent that they are compound and a violation of the applicable Rules, which limit Defendant's interrogatories, including all discrete subparts. Plaintiff objects to the interrogatories that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules. Plaintiff will construe each interrogatory that contains multiple questions as individual interrogatories, including discrete subparts.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## RESPONSES

1.      Identify each physically coercive tactic each Defendant Officer used with you, and for each one, provide the following information:

(a)     a detailed description of each discrete physically coercive tactic and its effect on you;

(b)     the identity of each Defendant Officer who employed the physically coercive tactic;

(c)     the identities of any Defendant Officers or any other person who witnessed the physically coercive tactic;

(d)     the date, time and location of each physically coercive tactic; and

(e)     a description of each injury you claim to have suffered as a result of the coercive tactic.

RESPONSE:   Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, overly broad, and lacking in particularity with regard to the term "physically" coercive. Plaintiff also objects that this

interrogatory is unreasonable, unduly burdensome, and oppressive in its subject matter and temporal scope, which includes a "detailed description" of multiple tactics by more than ten Defendants, as well as witnesses, injuries, and other information. Plaintiff objects that this interrogatory seeks information that is principally in the hands of the Defendants. Plaintiff objects to this Request as premature because oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete responses to Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants. Plaintiff objects to this interrogatory to the extent it seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive complaint that alleges in factual detail many coercive tactics that Defendants used to elicit his false confession. For example, Defendants went to Plaintiff's home in the middle of the night, woke him up, and brought him into the station. Defendants placed him in a small, windowless interrogation room. A number of officers entered into the room and loomed over him. Plaintiff continued to maintain his innocence and disclaim any knowledge of what had happened. When their intimidation did not yield a false confession from Plaintiff, they employed other coercive tactics, including emotional and physical abuse. One Defendant called Plaintiff a "lying-assed nigger." One Defendant hit him in the face twice. Undeterred by Plaintiff's repeated denials of involvement in the crime, Defendants threatened to beat him until he confessed. Defendants also lied to Plaintiff, telling him that if he confessed to being at the crime scene and acting as a lookout, he could go home. Plaintiff was exhausted from 24 hours of sleep deprivation and 12 hours of interrogation and eventually yielded to Defendants' pressures. Defendants fed him false information about the rape and murder, and led him through a false confession.

4

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

2.    Identify each mentally coercive tactic each Defendant Officer used with you, and for each one, provide the following information:

      (a)    a detailed description of each discrete mentally coercive tactic and its effect on you;

      (b)    the identity of each Defendant Officer who employed the mentally coercive tactic;

      (c)    the identities of any Defendant Officers or any other person who witnessed the mentally coercive tactic;

      (d)    the date, time and location of each mentally coercive tactic; and

      (e)    a description of each injury you claim to have suffered as a result of the coercive tactic

RESPONSE:   Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this interrogatory on the ground that it is vague and ambiguous, overly broad, and lacking in particularity with regard to the term "emotionally" coercive. Plaintiff also objects that this interrogatory is unreasonable, unduly burdensome, and oppressive in its subject matter and temporal scope, which includes a "detailed description" of multiple tactics by more than ten Defendants, as well as witnesses, injuries, and other information.  Plaintiff objects that this interrogatory seeks information that is principally in the hands of the Defendants. Plaintiff objects to this Request as premature because oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete responses to Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants. Plaintiff objects to this interrogatory to the extent it seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product

doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to

Defendants' definitions and instructions, please see Plaintiff's response to Interrogatory No. 1,

which Plaintiff expressly incorporates as if set forth fully herein.

3.      State the full factual basis for the claims in your Complaint that the Defendant
Officers fabricated evidence, including but not limited to:

(a)     a detailed description of each discrete piece of fabricated evidence;
(b)     the identity of each Officer who you believe fabricated the evidence;
(c)     the reason(s) you believe the evidence is fabricated; and
(d)     each fact supporting your belief that the evidence is fabricated.

**RESPONSE**:  Plaintiff objects that this interrogatory is compound and includes multiple

questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this

interrogatory on the ground that it is overly broad, lacking in particularity, unreasonable, unduly

burdensome, and oppressive in its subject matter and temporal scope, which includes a "detailed

description" of each "discrete piece" of evidence fabricated by more than ten separate Defendants,

along with "each fact" supporting Plaintiff's belief that the evidence is fabricated. Plaintiff objects

that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades

the attorney work product doctrine.  Plaintiff objects that this interrogatory seeks information that is

principally in the hands of the Defendants. Plaintiff objects to this Request as premature because

oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete

responses to Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants.

Subject to and without waiving Plaintiff's objections to this interrogatory and to

Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive

complaint that alleges in factual detail that Defendants used a variety of mentally and physically

abusive tactics to coerce Plaintiff and Derrell Fulton into giving and signing false statements

6

admitting to participating in the crime. Defendants used his statement as the basis to prosecute and

convict Plaintiff. They relied on it in police reports and at trial. They falsely testified that Plaintiff

had voluntarily and truthfully confessed to the crime. Every time Defendants relied on his and Mr.

Fulton's false statements, they fabricated evidence. Further, Plaintiff cannot possibly know at this

early stage of litigation every piece of evidence that Defendants fabricated because this information

is in Defendants' hands and discovery has only just begun. Plaintiff's investigation into this matter

continues and he reserves the right to supplement or modify this answer as new information comes

to light.

4.      Describe each instance in this Lawsuit in which any Defendant Officer failed to
intervene on your behalf, including but not limited to:

(a)      the identity of the Defendant Officer who failed to intervene;
(b)      a description of each discrete instance in which a Defendant Officer failed
         to intervene;
(c)      the date, time and location of each failure to intervene;
(d)      the identities of anyone who witnessed a Defendant Officer's failure to
         intervene.

**RESPONSE**:  Plaintiff objects that this interrogatory is compound and includes multiple

questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this

interrogatory on the ground that it is overly broad, lacking in particularity, unreasonable, unduly

burdensome, and oppressive in its subject matter and temporal scope, which includes a "description

of each discrete instance in which a Defendant Officer failed to intervene," which is impossible to

provide for even a single officer let alone more than ten, along with other information about each

such discrete instance. Plaintiff objects that this interrogatory seeks information that is principally

in the hands of the Defendants. Plaintiff objects to this Request as premature because oral discovery

has not yet commenced and is ongoing, and Plaintiff has not received complete responses to

Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants. Plaintiff

objects to the extent that this interrogatory seeks the thoughts and mental impressions of counsel,

7

and therefore invades the attorney work product doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive complaint that alleges in factual detail that each defendant was aware of the physically and mentally coercive tactics that other officers were using to coerce a false confession from Plaintiff and Mr. Fulton. None of the Defendants took any steps to stop the misconduct at the time. None of the defendants so much as told their supervisor. Instead, Defendants abided by the code of silence and allowed Plaintiff and Mr. Fulton to remain in prison for 23 years, knowing that they had not committed the crime.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

5.     Do you contend that any Defendant Officer generated false documentation related to any event alleged or described in the Complaint? If your answer is in the affirmative, state the full factual basis for your contention, including but not limited to:

  (a) a description of each document that contains false information, including the date, author and (if applicable) report number;
  (b) the specific substance of all falsified information in each document;
  (c) the reason(s) you believe the information in each document is false; and
  (d) each fact supporting your contention the document was purposely falsified.

**RESPONSE**: Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product doctrine.  Plaintiff objects to this interrogatory on the ground that it is overly broad, lacking in particularity, unreasonable, unduly burdensome, and oppressive in its subject matter and temporal scope, which includes "each fact" supporting the contention that each document at issue was fabricated. Plaintiff objects that this interrogatory seeks information that is principally in the hands of the Defendants. Plaintiff objects to this Request as premature because

8

oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete responses to Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive complaint that alleges in factual detail that Defendants fabricated Plaintiff's statement, which caused him to be wrongfully imprisoned. Defendants then fabricated each document that pointed to, cited, or otherwise relied on Plaintiff's and Mr. Fulton's false statements. Further, Plaintiff cannot possibly know at this early stage of litigation every piece of false documentation that Defendants generated because this information is in Defendants' hands and discovery has only just begun.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

6.      Identify and describe, with specificity, what conduct you attribute to each Defendant Officer, which you claim led to your arrest, prosecution, and conviction for the murder of Antwinica Bridgeman.

**RESPONSE**:  Plaintiff objects to this interrogatory on the ground that it is overly broad, lacking in particularity, unreasonable, unduly burdensome, and oppressive in its subject matter and temporal scope, because it seeks a description "with specificity" about the conduct of more than ten different Defendant Officers. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to this Request as premature because oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete responses to Plaintiff's discovery requests nor an opportunity to depose the relevant Defendants. Plaintiff objects that this interrogatory seeks information that is principally in the hands of the Defendants.

Subject to and without waiving Plaintiff's objections to this interrogatory and to

Defendants' definitions and instructions, Plaintiff responds that he has prepared an extensive complaint that states in factual detail the coercive and unconstitutional conduct of each Defendant, beginning with the decision to frame Plaintiff for a crime Defendants knew he did not commit, and continuing through the physical and mental abuse Defendants inflicted on Plaintiff and Mr. Fulton in order to get they to make false statements implicating themselves in a crime, and their subsequent reliance on those false statements to secure Plaintiff's and Mr. Fulton's conviction. Plaintiff also incorporates his response to Interrogatory Nos. 1, 2, 3, 4, 5 and 6.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

7.     Identify all persons, if any, you may call to testify as to each Defendant Officer pursuant to Fed. R. Evid. 404(b), and for each person, provide the following information:

   (a)   the person's name, last known address, and phone number
   (b)   the name of the Defendant Officer the witness will be called to testify about;
   (c)   the nature of the claim or incident involving the person and the Defendant Officer; and
   (d)   any witnesses, documents, or other evidence you possess, or are aware of, that corroborate Defendant Officer's involvement in the incident alleged by the person.

**RESPONSE**: Plaintiff objects to this interrogatory as overbroad, unduly burdensome, premature and imposing obligations on Plaintiff that are inconsistent with the Federal Rules of Civil Procedure. Plaintiff objects to this Request as premature because oral discovery has not yet commenced and is ongoing, and Plaintiff has not received complete responses to Plaintiff's discovery requests, which bear on the witnesses Plaintiff may intend to call at trial. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a). Plaintiff objects that this interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work product doctrine.

10

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, please see the factual allegations in Plaintiff's complaint at paragraphs 54-60, and 74-88. Answering further, please see the persons identified in Plaintiff's Rule 26(a)(1) disclosures. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

8.       Please provide each and every electronic mail address (AKA "e-mail address") and identify any cellular telephone you have used and maintained since your incarceration in the Illinois Department of Corrections as a result of the murder of Antwinica Bridgeman until today, and whether you have sent, received, drafted or saved any e-mails or text messages with regard to the incidents alleged in your Complaint. With regard to any and all cellular telephones used by you, identify the telephone number and service provider. This interrogatory also serves as a request that Plaintiff preserve all of said e-mails and text messages during the above referenced time period. Any destruction thereof may result in a request for an instruction regarding spoliation.

**RESPONSE**: Plaintiff objects that this interrogatory is harassing and infringes on a privacy interest. Plaintiff objects to this interrogatory on the basis that it calls for information that is overly broad, not reasonably limited in temporal scope, and disproportionate to the needs of the case, and objects to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a).

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he will produce this information if and when all Defendants produce this information for the same time period.

9.       Identify all internet photo and video sharing service and social media accounts,

11

including but not limited Facebook, Instagram, YouTube, Snapchat, Vine, Twitter, Linkedin, Myspace, GooglePlus, Blogspot, Livejournal, Blogger, Flickr, Xanga, Tumblr, Wordpress, Reddit, maintained by you for the past five years and for each account, identify your user name and email address associated with that account. If such profile or site is password protected, please either provide your password or a printout of said profile and all activity thereon that relates in any way to the incidents or damages alleged in your Complaint. This interrogatory also serves as a request that Plaintiff preserve all of said profiles and accounts and all postings or other activity thereon during the time period referenced in Interrogatory No. 26 through the present. Any destruction thereof may result in a request for an instruction regarding spoliation.

**RESPONSE**: Plaintiff objects that this interrogatory, including its request for Plaintiff's passwords, is harassing and infringes on a privacy interest. Plaintiff objects to this interrogatory because it impermissibly seeks to use a Rule 33 interrogatory to obtain documents that are properly requested via Rule 34. Plaintiff objects to this interrogatory on the basis that it calls for information that is overly broad, not reasonably limited in temporal scope, and disproportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a).

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he is not aware of having any responsive accounts. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

10.     Identify the steps and methods taken or attempted by you to prove your innocence after your arrest for the murder of Antwinica Bridgeman. Identify all facts, documents, and/or witnesses that support your efforts to prove your innocence.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it asks Plaintiff to set out every fact, document, and witness implicated in nearly every issue in this entire case. Plaintiff also

objects as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses. Plaintiff objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that it would be impossible to remember each and every step he took to prove his innocence over the nearly two and-a-half decades of his ordeal, which began when Defendants first accused him of the murder and continues today, as he still faces the stigma of having been wrongfully convicted of murder. Beyond the repeated times he informed Defendants of his innocence and disclaimed any knowledge of the murder, to the best of his knowledge and recollection, he made an immediate outcry of innocence to attorney Juliette Ferguson. He wrote letters to, among others, the Center on Wrongful Convictions, the Illinois Innocence Project, the Exoneration Project, the Innocence Project, and attorney Kathleen Zellner, seeking representation in post-conviction proceedings. He appealed his conviction and he sought, successfully, post-conviction relief. He then petitioned for, and received, a certificate of innocence, which adjudicated him legally innocent of the Bridgeman crimes. He also told a number of people he was innocent, including, to the best of his recollection, his friends and coworkers Veronica Bedell, Kimberly Green, Lono Gaines, Jerry Powe; his family members Nicholas Coleman, Shaneequa Allen, Jennice Coleman, Louis Coleman, Sr., Cecilia Coleman, Miguel Coleman, Kendall Coleman, Miguel Coleman, Jr.; and his cellmate, Dennis Fitts. He also told news reporters, including Gregory Pratt at the Chicago Tribune, Kenny Lofton, and Lisa Bryant, about his innocence. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

11.     State whether you, or anyone acting on your behalf, has made a complaint, allegation, or other statement to the Office of Professional Standards, the Independent Police Review Authority, the Illinois Torture Inquiry and Relief Commission, the Illinois Prisoner

Review Board, the Office of the Governor of the State of Illinois, the Cook County State's Attorney, the Illinois Attorney General, the Federal Bureau of Investigation, the United States Department of Justice, any other local, state or federal governmental or quasi-governmental agency (other than the United States District Court in which you have filed your lawsuit), or to any private entity (e.g., the Center for Wrongful Convictions, the Exoneration Project, Medill Innocence Project, Medill Justice Project, Medill School of Journalism) against any of the named defendants you have sued in this litigation. If so, please state:

      (a)     the governmental or private entity to which you have made your complaint or allegation,

      (b)     the date on which you made the complaint or allegation,

      (c)     the named defendant(s) against whom you made your complaint or allegation, and,

      (d)     if you did not make the complaint or allegation personally, the person(s) who made the complaint or allegation on your behalf.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information about every single allegation or statement that Plaintiff has made against any named Defendant to any local, state or federal governmental or quasi-governmental agency or private entity, without further restriction or clarification. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a). Plaintiff objects to the extent that this interrogatory seeks information that is publically available or information equally available to Defendants as Plaintiff. Plaintiff objects that he cannot possibly remember the specific dates on which he made his complaints. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff incorporates his response to Interrogatory 10. Plaintiff also states that, to the best of his knowledge and recollection, in addition to all statements, allegations, and complaints in his criminal appeals and post-conviction proceedings,

he gave a formal statement to the Cook County State's Attorney Office in 2017. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

12.　　Identify any and all past or present communications with any government entity or agent, including but not limited to, e.g., former Governor Pat Quinn or his office, the Office of the Governor, the Prisoner Review Board, or with any private entity, including but not limited to, e.g., the Center for Wrongful Convictions, the Exoneration Project, Medill Innocence Project, Medill Justice Project, Medill School of Journalism, David Protess, Chicago Innocent Program, regarding your claims of innocence and your efforts to reverse your conviction.

**RESPONSE**: Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a). Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case, as it seeks "any and all past or present communications with any government entity or agent" or "private entity." Plaintiff objects to the extent that this interrogatory seeks information that is publically available or information equally available to Defendants as Plaintiff. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that there is no possible way Plaintiff could remember each and every communication he has ever had with any governmental or private entity regarding his innocence over the past two and-a-half decades. Plaintiff appealed his conviction, sought post-conviction relief, and petitioned for a certificate of innocence. To the best of his knowledge and recollection, Plaintiff has communicated with the Center on Wrongful Convictions, and the Exoneration Project. Plaintiff further incorporates his response to Interrogatory No. 11. Plaintiff's investigation into this matter continues and he reserves the right

15

to supplement or modify this answer as new information comes to light.

13.      Have you ever been a member of (or affiliated with) any street gang? If so, identify the nature of such street gang and/or organization, the dates of each membership and/or affiliation, your rank(s) or position(s) within the gang and/or organization, your duties and/or responsibilities relative to the street gang and/or organization, and alias or nicknames by which you were known within the gang, the name of any rival gangs, the date (if any) when you left the gang, and the reasons (if any) that you left the gang.

**RESPONSE**: Plaintiff objects to this interrogatory on the basis that it seeks information that is irrelevant, not reasonably limited in time and/or scope, and disproportionate to the needs of the case, and on the basis that it is harassing. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a).

14.      Identify each person with whom you discussed your criminal case, including the facts and circumstances of your arrest, prosecution, conviction, and/or your innocence. For each person and discussion, provide the person's identifying contact information, the dates of your discussion, and whether they were written or oral.

**RESPONSE**: Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories, and Defendant Boudreau has already exceeded the number of interrogatories permitted by Rule 33(a). Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff further objects to the extent that this interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or the psychotherapist-patient privilege, or any other common law or statutory privilege.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that during the 23 years he was in prison for a crime he did not commit, he told a number of people he was innocent of the crimes for which he was incarcerated. There is no possible way Plaintiff could remember every person he has ever

16

discussed the details of his criminal case with, or the manner in which he communicated with them. Plaintiff further incorporates his responses to Interrogatories 10, 11, and 12, and also refers Defendants to the individuals identified in his Rule 26(a)(1) disclosures and his complaint. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

15.     Identify all newspaper articles, magazine articles, memoirs, journals, articles, on-line or social media posts, including, but not limited to Facebook or Twitter posts, that you authored, posted or were interviewed for that relate to the homicide investigation of Antwinica Bridgeman, your convictions, your post-conviction proceedings, and vacating of the convictions, and relating to your Complaint.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and disproportionate to the needs of the case, as it asks Plaintiff to remember every communication he had with anyone about the details of his wrongful conviction, and then account for what they did with the information he provided. There is no way Plaintiff could possibly account for each and every communication he had with someone that ended up on social media. Plaintiff objects to the extent that this interrogatory seeks information that is publically available or information equally available to Defendants as Plaintiff. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

16.     Identify all Illinois Department of Corrections facilities in which you were incarcerated after your conviction for the murder of Antwinica Bridgeman, and the period of time you were at each facility.

**RESPONSE**: Plaintiff objects on the ground that this request seeks information that is irrelevant and disproportionate to the needs of the case.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that, to the best of his knowledge and recollection, he was wrongfully imprisoned, as an innocent man, at Stateville Correctional Center

17

from 1997 through 1999, Menard Correctional Center from 1999 through 2017, and Hill Correctional Center until he was finally exonerated and released in November 2017. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

17.     State the precise date that you were released from the Illinois Department of Corrections, and if there were any conditions of your release (e.g., probation, mandatory supervised release, half-way house, electronically monitored home confinement, etc.), please identify the condition(s) of your release, the location, and the time period for each condition of your release.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, and that it intrudes on Plaintiff's work product privilege and seeks information that is publically available and equally available to Defendants as Plaintiff.

Subject to and without waiving those objections, Plaintiff states that he was released after 23 years of wrongful imprisonment on November 20, 2017 on an I-Bond. Please also see Plaintiff 7532.  Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

18.     Identify each and every attorney by who has represented you at any stage of the court or other proceedings stemming from your arrest and charging for the murder of Antwinica Bridgeman, (e.g., probable cause to detain hearing, bond hearing, arraignment, preliminary hearing, pre-trial motions, trial, post-trial, appeal, post-conviction, habeas petition, Illinois Prisoner Review Board, certificate of innocence), and the dates of each attorney's representation of you.

**RESPONSE**:  Plaintiff objects to this interrogatory on the ground that it is overly broad, seeks information that is irrelevant, harassing, and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff states that he cannot possibly remember each and every attorney who represented him at any point, or know the attorneys with whom his attorneys worked or associated. The attorneys representing him that he recalls and of

18

which he has knowledge include Juliette Ferguson in 1994, Richard Kling from approximately 1994 through 1997, Adam Bourgeois from approximately 1997 through 1998, the Exoneration Project from 2016 through 2018, and Loevy & Loevy from 2017 through the present. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

RESPECTFULLY SUBMITTED,

**NEVEST COLEMAN**

BY:   <u>/s/ Rachel Brady</u>
One of Plaintiff's Attorneys

Russell Rourke Ainsworth
Ruth Zemel Brown
Rachel Brady
**LOEVY & LOEVY**
311 N. Aberdeen, Third Floor
Chicago, IL 60607
brady@loevy.com

_____

19

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEVEST COLEMAN, | ) | |
| | ) | Case No. 1:18-CV-00998 |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| CITY OF CHICAGO, KENNETH | ) | Hon. Robert W. Gettleman |
| BOUDREAU, JOHN HALLORAN, | ) | District Judge |
| MICHAEL CLANCY, JAMES O'BRIEN, | ) | |
| WILLIAM FOLEY, ALBERT GRAF, | ) | |
| WILLIAM MOSER, STANLEY TURNER, | ) | Hon. Maria Valdez |
| GERALD CARROLL, THOMAS KELLY, | ) | Magistrate Judge |
| SERGEANT THOMAS BENOIT, as-yet | ) | |
| UNKNOWN OFFICERS OF THE | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | **JURY TRIAL DEMANDED** |
| ASSISTANT STATE'S ATTORNEY | ) | |
| HAROLD GARFINKEL, and COOK | ) | |
| COUNTY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## VERIFICATION

I, NEVEST COLEMAN, have reviewed Plaintiff Nevest Coleman's Response to Defendant Boudreau's First Set of Interrogatories, and verify that the answers are true and correct to the best of my knowledge.


_8-16-2018_
Date

_Nevest Coleman_
Nevest Coleman


1

## <u>CERTIFICATE OF SERVICE</u>

      I, Rachel Brady, an attorney, certify that on September 7, 2018, I served the foregoing Plaintiff's Responses to Defendant Boudreau's First Set of Interrogatories upon on all counsel of record via electronic mail.

                                             /s/ Rachel Brady
                                           One of Plaintiff's Attorneys